UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-20803-CR-BLOOM

UNITED STATES OF AMERICA

        Plaintiff,

vs.

SALMAN RASHID,

        Defendant.

_____/

## GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER

The United States of America, in response to the Standing Discovery Order issued in this case, files this response as to defendant Salman Rashid that is alphabetized and numbered to correspond to that original order.

A.    1.    Audio recordings of in-person meetings and phone messages through WhatsApp and other phone applications of the defendant are included in compact discs that are being sent as part of this response.

        2.    The portion of the written record containing the substance of oral statements made by the defendants before or after arrest in response to interrogation by a person then known to the defendant to be a government agent is attached. In particular, video of the defendant's post-arrest statements are included in compact discs that are being as part of this response.

        3.    The defendant has not testified before a grand jury.

        4.    The NCIC record of the defendant is attached.

        5.    The books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected by calling the undersigned to set up a date and time that is convenient to both parties.

    The attachments to this discovery response are not necessarily copies of all books, papers, documents, and other evidence that the government may intend to introduce at trial.

  6. To the extent that there were physical or mental examinations of the defendant made in connection with this case, they are referred to in reports contained in this response.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

C. The only information or material known to the United States which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963) or United States v. Agurs, 427 U.S. 97 (1976) are enclosed in the documents attached to this response.

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. The defendant was not identified in a lineup, show up, or photo spread. To the extent that the defendant's photo was shown to witnesses to confirm their familiarity with the defendant, that has been noted in the attached reports.

G. The government agents and officers involved in this case have been advised to preserve all rough notes they may have taken.

H. The United States will advise the defendant, prior to trial, of its intent to introduce during its case in chief, evidence of other crimes, wrongs or acts as provided by Federal Rule of Evidence 404(b). Any evidence made available for inspection may be offered in the government's case in chief under Federal Rule of Evidence 404(b) or otherwise.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The United States has ordered transcripts of the grand jury testimony of all witnesses who will testify for the government at the trial of this case. The transcripts will be provided as required by Title 18, United States Code, Section 3500.

K. The government did not seize from the defendant any contraband.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is currently in the government's possession. The vehicle previously used by the defendant was returned to the defendant's family.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

Date and Place: See Indictment

Per the protective order issued in this case [DE 15], the Government has separated the discovery into two binders in this case – one containing compact discs with sensitive material, and the other containing compact discs with non-sensitive discovery material.

The sensitive material is contained on 14 compacts discs and is Bates numbered S0001- S_4114.

The non-sensitive discovery material is contained on 3 compact discs and is Bates numbered 0001-_2107.

It is anticipated that there will be more discovery produced in this case, including videos of the defendant's in-person meetings and the contents of the defendant's electronic devices,

which are still in the process of being downloaded.

        Respectfully submitted,

        ARIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY

By:  s/ Michael Thakur_____
     MICHAEL THAKUR
     ASSISTANT UNITED STATES ATTORNEY
     Court No. A5501474/
     Florida Bar Number 1011456
     99 Northeast 4th Street
     Miami, Florida 33132-2111
     Tel: (305) 961-9361
     Fax: (305) 530-7976
     Email: Michael.Thakur@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF this 23rd day of December 2019, and that the foregoing document is being served this day on all counsel of record via Notices of Electronic Filing generated by CM/ECF.
.

        s/ Michael Thakur_____
        MICHAEL THAKUR
        Assistant United States Attorney