UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20803-CR-BLOOM

UNITED STATES OF AMERICA

v.

SALMAN RASHID,

          **Defendant.**

_____/

## GOVERNMENT'S RESPONSE TO SALMAN RASHID'S MOTION FOR RECONSIDERATION

The United States of America, by and through the undersigned counsel, hereby responds in opposition to defendant Salman Rashid's Motion for Reconsideration re Second Motion for Protective Order [DE 33]. The defendant raises two issues in his opposition to the protective order [DE 32], suggesting 1) that the government has not shown with sufficient particularity the harm from disclosure and 2) that there exists a practical burden to meet with and show the discovery to the defendant at the Federal Detention Center (FDC).  The government addresses each argument in turn.

**Legal Standard**

Federal Rule of Criminal Procedure 16(d)(1) provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The Supreme Court has sanctioned the use of protective orders as a mechanism by which trial courts are to apply Fed. R. Crim. P. 16(d). *See Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be

entitled to inspect.") (citation omitted). Among the factors a court may look at to determine good cause are the safety of witnesses and the protection of information vital to national security. *See United States v. Cordova*, 806 F.3d 1085, 1090, 420 U.S. App. D.C. 138 (D.C. Cir. 2015).

Once a protective order is in place, courts consider four factors, in both civil and criminal cases, when determining whether to modify a protective order: "(1) the nature of the protective order; (2) the foreseeability, at the time of issuance of the order, of the modification requested; (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification." *United States v. Morales*, 807 F.3d 717, 723 (5th Cir. 2015)(citation omitted).

**Harm from disclosure and narrow tailoring of the Protective Order**

As the government has previously indicated, this is a case that implicates national security. The defendant, as detailed in the criminal complaint, sought to have someone kill two deans at South Florida colleges and wanted someone from ISIS to carry it out. The defendant has advocated both publicly and privately for vengeance with violence against those who offend him. The sensitive discovery consists of numerous hours of audio and video-recorded meetings and other communication between the confidential source and the defendant regarding the defendant's solicitation of others to carry out attacks. Concerns regarding the safety of the confidential source in this case, therefore, are particularly acute.

The protective order is narrowly tailored to ensure that the defense counsel and defendant have as broad access to discovery as possible, consistent with protecting the identity and location of the source. The protective order, for instance, does not place any limitations on non-sensitive discovery and does not seek to prevent the defendant from seeing the sensitive discovery – only to limit its retention at FDC and any dissemination of it. The government had already produced discovery under this protective order to previous defense counsel and the

defendant. And since the appearance of the newly-appointed defense counsel, the government sent on February 18, 2021, over 2,000 pages of non-sensitive discovery, including arrest and interview reports, search warrants, subpoena returns, jail calls, photos of the search, and the results of an electronic search of one of Rashid's accounts. This non-sensitive discovery, is not subject to the Protective Order and can be retained by the defendant at FDC for his review. And the government has communicated with defense counsel regarding how he may receive the sensitive discovery once he provides the requisite hard drives for the government to copy the discovery.

**Feasibility of reviewing discovery with defendant**

The defense's principal objection appears to be the challenges the Protective Order would impose on defense counsel reviewing the discovery in person with the defendant at FDC. In his response in opposition to the Protective Order, the defense indicated a perception that the duration of legal visits at FDC were limited to only one hour during the ongoing pandemic and that was not sufficient time to go over discovery. To alleviate such concerns, undersigned counsel contacted FDC Miami's legal counsel to determine how defense counsel may meet with his client for longer periods. FDC's legal liaison confirmed that legal visits are not limited to one hour; that upon request by defense counsel, legal visitations have previously been granted for as long as six hours at a time and potentially longer if requested by defense counsel. Undersigned has been in contact with defense counsel on how he may submit such a request.

**Conclusion**

In short, the government has shown good cause why the protective order is needed and the defense has not demonstrated any change in circumstance that would justify modifying the

protective order. For the foregoing reasons, defendant's Motion for Reconsideration should be denied.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   s/ Michael Thakur
        MICHAEL THAKUR
        ASSISTANT UNITED STATES ATTORNEY
        Court No. A5501474/
        Florida Bar No. 1011456
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Tel: (305) 961-9361
        Fax: (305) 530-7976
        Email: Michael.Thakur@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2021, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF.

<div style="margin-left:50%">

s/ Michael Thakur
MICHAEL THAKUR
Assistant United States Attorney

</div>